NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JEAN JACKSON; JULIEN BRUNITE; J. J. J., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-6092 <br><br> Agency Nos. <br> A220-656-122 <br> A220-562-908 <br> A220-562-909 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026**
Pasadena, California

Before: BENNETT, KOH, and MENDOZA, Circuit Judges.

Petitioners Jean Jackson (Lead Petitioner), Julien Brunite, and Julien

Brunite's minor child, all natives and citizens of Haiti, petition for review of a

Board of Immigration Appeals ("BIA") decision affirming the Immigration

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge's ("IJ") denial of Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, and CAT protection for substantial evidence. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1(1992); *see Lalayan v. Garland*, 4 F.4th 822, 839–40 (9th Cir. 2021). Where, as here, the BIA affirms an IJ's decision without opinion, "this court reviews the IJ's decision as though it were the BIA's." *Padilla-Romero v. Holder*, 611 F.3d 1011, 1012 (9th Cir. 2010) (citing *De Mercado v. Mukasey,* 566 F.3d 810, 814 n.1 (9th Cir. 2009)).

1. Petitioners first contend that the IJ erroneously concluded that they did not establish past persecution on account of a protected ground in Haiti. A removable noncitizen bears the burden of demonstrating asylum eligibility by showing that they are a refugee within the meaning of the Immigration and Nationality Act. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). An applicant for asylum and withholding of removal must demonstrate a nexus between their persecution, feared persecution, or threat to their life, and their asserted protected ground. *See Wilkinson*, 988 F.3d at 1142–43, 1146–47.

Substantial evidence supports the IJ's denial of Petitioners' applications for asylum and withholding of removal. Nothing in the record suggests that Jackson

2                                                                25-6092

was targeted specifically by gang members due to his membership in a particular social group of "Haitians who have witnessed gang crimes and reported them to law enforcement."[1]  Jackson testified that he only witnessed gang violence first hand on one occasion, and that he was among a larger group of individuals shot at by a gang rather than being targeted individually.  Additionally, he testified that he only gave a witness statement to police *after* the shooting, which cuts against his claim that he was targeted *because* he reported the gang to the police and would face similar danger in the future.  Jackson expressly disclaimed as incorrect the magistrate report, which is the only record evidence potentially supporting Jackson's contention that he was targeted by gang members.  At most, therefore, the record shows evidence of generalized violence and crime, which does not suffice for the purposes of establishing persecution on account of a protected ground.  *See Hussain v. Rosen*, 985 F.3d 634, 646, 647 (9th Cir. 2021); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004).

2. Petitioners contend that the IJ erred in denying CAT relief based on a fear of torture in both Haiti and Chile.  A noncitizen who has been ordered removed is entitled to protection under CAT if they demonstrate that "it is more likely than not" that they will be tortured if removed to a certain country.  *Maldonado v.*

---

[1] Brunite's application for asylum relief is similarly premised on a fear of persecution due to gang violence.  Accordingly, her asylum claim rises and falls with Jackson's.

*Lynch*, 786 F.3d 1155, 1162 (9th Cir. 2015) (en banc) (quoting 8 C.F.R. §

1208.16(c)(2)). "Torture is an extreme form of cruel and inhuman treatment and

does not include lesser forms of cruel, inhuman or degrading treatment or

punishment that do not amount to torture." *Zhang v. Ashcroft*, 388 F.3d 713, 721

(9th Cir. 2004) (quoting *Al–Saher v. I.N.S.*, 268 F.3d 1143, 1147 (9th Cir. 2001)).

The record does not compel the conclusion that Petitioners are more likely

than not to be tortured in Haiti.[2] *See Wilkinson*, 988 F.3d at 1142. Jackson's

experience of being shot at, on one occasion, likely does not rise to the level of

harm sufficient to constitute torture under our precedents. *See Tzompantzi-Salazar

v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022). Petitioners point to country reports

detailing significant levels of violence and crime, but such generalized evidence

does not suffice to show the individualized and particularized risk of torture

necessary for CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th

Cir. 2010). Nor does this evidence compel the conclusion that the Haitian

government would acquiesce to any torture experienced by Petitioners specifically.

*See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022); *Lianhua Jiang v. Holder*,

754 F.3d 733, 740 (9th Cir. 2014), *overruled in part on other grounds by Alam v.

Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc). In fact, the record shows that

---

[2] As before, Brunite does not assert a basis for CAT relief independent of
Jackson based on a fear of torture at the hand of gangs in Haiti.

the Haitian authorities *did* attempt to respond to the gang activity witnessed by Jackson. *Cf. Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

As to Chile, Petitioners' arguments are also unavailing. Brunite's ex-husband's conduct does not constitute torture. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022). Further, Petitioners assert that the record shows "continued persecution and discrimination against Haitian Nationals of African descent," but this argument fails because torture "is more severe than persecution." *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (citation omitted); *see also Kamalthas v. I.N.S.*, 251 F.3d 1279, 1283 (9th Cir. 2001) (noting that CAT relief is narrower than asylum relief because a petitioner must show it is more likely than not "that he or she will be tortured, and *not simply persecuted* upon removal to a given country" (emphasis added)). The general economic difficulties asserted do not constitute torture. *See Vitug v. Holder*, 723 F.3d 1056, 1061, 1066 (9th Cir. 2013). Substantial evidence therefore also supports the IJ's denial of CAT relief based on a fear of torture in Chile.

**PETITION DENIED.**[3]

---

[3] Petitioners' motion to stay removal is also denied.